## STATE ex DENNISON et v BOARD OF ED OF FRANKLIN CO

Ohio Appeals, 2nd Dist, Franklin Co

No 2501. Decided Feb 19, 1935

Donald J. Hoskins, Prosecuting Attorney, Columbus, Robert H. Odell and Eugene Carlin, Asst. Pros. Attys., Columbus, for demurrant.

William H. Schweikert, for relators.

### OPINION

By BARNES, J.

The above entitled cause is now being determined on general demurrer filed by defendants to plaintiff's petition.

Plaintiffs in their petition pray for a mandatory order against the defendants as the County Board of Education of Franklin County, Ohio, to transfer the described territory on petition of seventy-five per cent. of the duly qualified electors of the territory sought to be transferred.

Counsel for defendants base their general demurrer on failure of petition to follow the language of §4696, GC.

One of the recitals in the petition is that relators duly presented their petition to the County Board of Education of Franklin County, Ohio, for transfer of the property described from the village school district of Canal Winchester, Ohio, to the **County Board of Education of Fairfield County, Ohio, for school purposes.** The black face is ours.

Following the language of the statute, it would be more correct had the petition stated "County School District for school purposes", instead of Board of Education for school purposes.

Counsel for relators cite two unreported cases of this court wherein the language of the petition was identical as in the instant case. Reference is also made to the case of Brenner v The Board of Education of Franklin County, Ohio, which is an original action in the Supreme Court, where it is claimed the petition used similar language.

Neither the case in the Supreme Court nor the two cases presented to our Court can be accepted as binding precedents since it appears this question was not raised in any of the cases.

We therefore consider this case as one of first impression, and while it must be conceded that it would have been preferable to have followed the language of the statute, yet we think that the petition is good as against the demurrer. In arriving at this conclusion we are not able to say that our conclusion is free from doubt, and hence we would suggest that counsel for relators take the requisite steps to have the petition follow the language of the statute, particularly since it is claimed in brief that such is the fact.

The demurrer will be overruled and exceptions allowed.

KUNKLE, PJ, and HORNBECK, J, concur.